# EXHIBIT  A

# UNITED STATES DISTRICT COURT

<u>SOUTHERN</u>    District of _____<u>NEW YORK</u>_____

MARK A. TORNELLO,

Plaintiff,

-against-

COUNTY OF WESTCHESTER,

Defendant.

## SUMMONS IN A CIVIL ACTION

Case No.

# 07 CIV. 6697

**TO:** (Name and Address of Defendant)

COUNTY OF WESTCHESTER, 148 Martine Avenue, White Plains, New York

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY,

Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                    JUL 25 2007

CLERK                                          DATE

_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARK A. TORNELLO,

                        Plaintiff,          07 Civ.

      -against-

                                COMPLAINT

COUNTY OF WESTCHESTER,

                   Defendant.

-------------------------------------------------------x

**FILED**

**JUL 2 5 2007**

**USDC WP SDNY**

**07 CIV. 6697**

**Jury Trial Demanded**

    Plaintiff MARK A. TORNELLO, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

    1. This is an action for compensatory damages for violations of Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §§1331, 1343. With respect to the latter claim, on May 22, 2007, Plaintiff duly and timely filed with the Defendant a Notice of Claim as required by the New York State General Municipal Law, following which there was conducted a so-

called 50-h hearing. Plaintiff's state law claim has not been settled and remains outstanding.

## THE PARTIES

3. Plaintiff MARK A. TORNELLO is a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties. Prior to the occurrence of the events referenced *infra* Plaintiff has suffered from a continuing physical disability that affects his ability to ambulate and prevents him from running.

4. Defendant COUNTY OF WESTCHESTER (hereinafter "County") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

5. On November 30, 2006, at approximately 4:15 P.M. Plaintiff was lawfully operating a commercial vehicle on the northbound side of Interstate 95 at or about the New Rochelle toll barrier when a New York State Trooper (Robert Earl Sanders, hereinafter "Sanders") stopped him ostensibly for the purpose of inspecting that vehicle. In that connection Sanders took Plaintiff's driver's license from him and directed Plaintiff to locate and bring to him his registration and insurance card.

6. Plaintiff exited his truck in order to comply with Sander's directive and to hand him his registration and insurance card at which time Sanders, who appeared angry and out-of-control, falsely exclaimed to Plaintiff: "You touched me! You never touch a Trooper!"

7. In light of Sanders' threatening demeanor and false accusation Plaintiff slowly retreated to his vehicle - - with Sanders advancing along side of him - - with a view towards getting into and remaining in the cab while Sanders performed the inspection.

8. As Plaintiff attempted to pull himself up into the driver's seat of his vehicle, Sanders without warning and/or provocation grabbed Plaintiff from behind by his hair and trousers, forcefully pulled him backwards out of the vehicle and ordered him to lie down on the pavement. When Plaintiff attempted to comply with this directive Sanders forcefully struck Plaintiff purposefully driving Plaintiff's body into the pavement causing serious physical injury including a herniated disc in his neck. Sanders then forcibly handcuffed Plaintiff, causing an immediate inflammation of Plaintiff's pre-existing carpal tunnel syndrome and arthritic condition and had him transported to a State Police Barracks, where he was handcuffed to a wall prior to being processed.

9. On December 4, 2006, Sanders prepared, swore to, and filed with the Justice Court, Town of Mamaroneck (hereinafter the "Town Court") two misdemeanor informations. The first accused Plaintiff of Obstructing Governmental Administration in violation of New York State Penal Law Section 195.05 and alleged as "fact" *in toto* that at:

> "the aforementioned time, date and on Interstate 95 – Northbound, said defendant did operate a 1996 Ford, color Gray, bearing New York registration 26715JD. After being stopped by the deponent for a Commercial Vehicle inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from the inspection."

3

The second information accused Plaintiff of Resisting Arrest in violation of Penal Law Section 205.30, reciting as "fact" *in toto* that:

> "After being stopped by the deponent for a Commercial Vehicle Inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from such inspection. As a result of the defendants [*sic.*] action, the deponent attempted to place the defendant under arrest, at which time the defendant did become combative to avoid his arrest."

10. On or about February 28, 2007, Sanders conferenced these charges with two representatives of the Westchester County District Attorney's Office - - Assistant District Attorney Michael Jeffrey Ashraf (hereinafter "Ashraf") and Assistant District Attorney and New Rochelle "Branch Chief" Michael J. Borrelli, Jr. (hereinafter "Borrelli").

11. On the basis of Ashraf and Borrelli's advice and instructions to Sanders, to the effect that the facts as sworn to by him in connection with the Obstructing Governmental Administration charge were legally insufficient and that he had to materially alter the "facts" in order to make out a *prima facie* Obstructing charge, Sanders agreed to:

> a. File a materially false Superseding Misdemeanor Information against Plaintiff, in order to avoid dismissal of the Obstructing Charge and a potential false arrest suit, and,
>
> b. Commit perjury at trial with respect to the underlying "facts" in order to enable Borrelli and Ashraf to prosecute Plaintiff with a view towards insulating Sanders from any such suit.

12. As a result and on February 28, 2007, Sanders executed and filed with the

4

Town Court a superseding information in which he deliberately fabricated allegations of "fact" so as to falsely provide a predicate for an Obstructing charge:

> "The defendant. . .at the above date, time and place, did during a vehicle and traffic stop, and while your deponent was investigating a second vehicle that stopped on the breakdown lane of I-95, exit his vehicle and shove your deponent as your deponent was walking towards the second vehicle. The defendant's actions caused your deponent to be harassed, annoyed, threatened and alarmed. Thereafter, the defendant began running back towards his vehicle. Your deponent instructed the defendant that he was under arrest and ordered him to stop. The defendant refused to stop running and then attempted to enter the driver's seat [sic.] of his vehicle which [sic.] was still running. Your deponent continued to tell him to stop, that he was under arrest and the defendant continued to pull himself into the vehicle as your deponent was attempting to pull him from the vehicle. The defendant struggled with your deponent in an effort to avoid being placed in handcuffs and under arrest. The defendant prevented your deponent from performing his lawful duties by shoving your deponent and attempting to flee the scene."

13. By reason of Sanders' materially inconsistent sworn allegations as contained in the multiple informations, on March 12, 2007, Plaintiff's counsel wrote to Janet DeFiore, Westchester County District Attorney, provided her with the inconsistent sworn

informations, and requested that she investigate how Sanders came to swear to the facts as contained in the superseding misdemeanor investigation "on the eve of trial".

14. Three days thereafter Michael F. Hughes, Assistant District Attorney and Chief of the District Attorney's so-called "Public Integrity Bureau" in writing advised Plaintiff's counsel that he had reviewed Plaintiff's "letter and its enclosures", spoken with ADA Ashraf, and was "confident that the issues. . .raised in your letter can be properly addressed by ADA Ashraf and the Mamaroneck Town Court". In that connection ADA Hughes referred Plaintiff's letter/complaint to the New Rochelle Branch Office of the District Attorney's Office "for their handling." The Branch Office, with Borelli as its "Chief", thereafter did nothing whatsoever with respect to the letter and/or the complaint embodied in it.

15. Under the circumstances, and aware that the District Attorney herself and ADA Hughes had effectively endorsed their intended subornation of perjury from Sanders, on April 23, 2007, Ashraf and Borrelli acting in concert with Sanders prosecuted the charges contained in the superseding misdemeanor information at a bench trial held in Town Court, Town of Mamaroneck, New York (Jean Marie Brescia, J.). During that trial Sanders' inconsistent sworn misdemeanor informations were the subject of cross-examination.

16. On May 16, 2007, Justice Brescia rendered her verdict finding Plantiff "not guilty" on all counts.

17. As a proximate result of Defendant's conduct Plaintiff was forced to suffer: repeated impairments of his liberty interest due to multiple court-ordered appearances in Town Court, Town of Mamaroneck - - with the threat of a bench warrant being issued in

the event that he failed to appear on any such occasion; impairment of his liberty interest by reason of his obligatory, court-mandated appearance for trial; substantial pecuniary losses by way of legal defense costs; emotional upset; anxiety; public humiliation; public embarrassment; shame; and he was otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1 to "17", inclusive.

19. Since Defendant deliberately prosecuted and/or persisted in the prosecution of Plaintiff: a) with knowledge that there was no probable cause for his arrest; b) after having entered into an agreement with Sanders to materially falsify the "facts" as alleged in the superseding misdemeanor information; c) after agreeing to suborn Sanders' perjurious testimony at trial; and d) after suborning that perjury with the resulting acquittal of Plaintiff on all charges, Defendant's conduct violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraph "1" to "17", inclusive.

21. Under the premises Defendant's conduct constituted malicious prosecution under the common law of the State of New York and is actionable for damages.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding such compensatory damages as the jury may determine,

b.  Awarding reasonable attorney's fees and costs, and,

c.  Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
        July 25, 2007

                                     LOVETT & GOULD, LLP
                                     By:_____
                                         Jonathan Lovett (4854)
                                   Attorneys for Plaintiff
                                   222 Bloomingdale Road
                                   White Plains, N.Y. 10605
                                   914-428-8401

8

J. MICHAEL McMAHON
CLERK OF COURT

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV
June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at **www.nysd.nscourts.gov** Please follow the instructions below.

**ECF Judges:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa *** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan ** | Marrero *** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*   ECF Wave 1 Judge, assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*  ECF Wave 2 Judge, assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\* ECF Wave 3 Judge, assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)   Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)   *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

    (a) The assigned Judge's Individual Rules
    (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
    (c) USDC/SDNY Procedures for Electronic Case Filing
    (d) USDC/SDNY Guidelines for Electronic Case Filing.

(3)   <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

    (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

               **case_openings@nysd.uscourts.gov**

    (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

               **wpclerk@nysd.uscourts.gov**

USDC/SDNY Instructions for Filing an Electronic Case or Appeal

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

(a) electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
(b) file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, must be filed electronically on the ECF system at **ecf.nysd.uscourts.gov.** Electronic filing involves using your ECF password to docket the item directly into the ECF system. Electronic filing is not the same as email to the Clerk. Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

(a) For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

**appeals@nysd.uscourts.gov**

(b) For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

**wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

(a) SDNY Procedures for Electronic Case Filing
(b) SDNY Guidelines for Electronic Case Filing
(c) Individual Rules of the Assigned Judge

(d) Local Rules of this Court, and
(e) Federal Rules of Civil Procedure

## ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓   Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and more.

✓   Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓   Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✓   Electronically file documents in ECF cases over the Internet at ecf.nysd.uscourts.gov

✓   Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓   The ECF Help Desk is available to answer your ECF questions from 8:30 AM to 7:30 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at help_desk@nysd.uscourts.gov

**WWW.NYSD.USCOURTS.GOV**

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**
    The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

    (a) The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours, in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

    (b) Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

    (c) Electronic filing procedures shall not apply to Social Security Cases.

    (d) The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

    (a) Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

 (b) If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

 (c) Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

 (d) In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

 (e) An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3. Consequences of Electronic Filing

 (a) Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

 (b) When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

(c)  Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

(d)  Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

(a)  All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

(b)  A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

## 8. Signatures

(a) The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b) No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c) A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d) Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

## 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case. It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

## 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). **It remains the duty of the attorney for a party to review regularly the docket sheet of the case.** The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

**11. Technical Failures**

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.

**12. Public Access**

A person may review at the Clerk's office filings that have not been sealed by the Court. A person also may access the Electronic Filing System at the Court's Internet site www.nysd.uscourts.gov by obtaining a PACER log-in and password. A person who has PACER access may retrieve docket sheets in civil and criminal cases and documents in a civil case, but only counsel for the government and for a defendant may retrieve documents in a criminal case. Only a Filing User under Procedure 2 herein may file documents.

# EXHIBIT B

TOWN COURT
TOWN OF MAMARONECK
COUNTY OF WESTCHESTER

SUPERSEDING MISDEMEANOR INFORMATION

THE PEOPLE OF THE STATE OF NEW YORK
-against-

MARK A. TORNELLO   100 Old Lake Street, West Harrison, NY

03/25/1958

Defendant(s)

Be it known that the complainant herein Trooper Robert E. Sanders, of the New York State Police, Westchester County, New York, accuses the defendant(s) named above of the following offense(s) committed at Interstate I-95 Northbound, Town of Mamaroneck, New York at about November 30, 2006.

COUNT ONE : The Offense of RESISTING ARREST, a violation of Penal Law PL 205.30    AM0

The Defendant(s) did intentionally prevent and attempt to prevent a peace or police officer from effecting an authorized arrest of himself or another person.

COUNT TWO : The Offense of OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE, a violation of Penal Law PL 195.05    AM0

The Defendant(s) he/she intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration.

COUNT THREE : The Offense of HARASSMENT IN THE SECOND DEGREE, a violation of Penal Law PL 240.26   01 0V2

The Defendant(s) with intent to harass, annoy and alarm another person, he/she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.

To wit: The defendant(s) at the above date, time and place, did during a vehicle and traffic stop, and while your deponent was investigating a second vehicle that stopped on the breakdown lane of I-95, exit his vehicle and shove your deponent as your deponent was walking towards the second vehicle. The defendant's actions caused your deponent to be harassed, annoyed, threatened and alarmed. Thereafter, the defendant began running back towards his vehicle. Your deponent instructed the defendant that he was under arrest and ordered him to stop. The defendant refused to stop running and then attempted to enter the driver's seat of his vehicle which was still running. Your deponent continued to tell him to stop, that he was under arrest and the defendant continued to pull himself into the vehicle as your deponent was attempting to pull him from the vehicle. The defendant struggled with your deponent in an effort to avoid being placed in handcuffs and under arrest. The defendant prevented your deponent from performing his lawful duties by shoving your deponent and by attempting to flee the scene.

The above allegation(s) of fact are made by the complainant herein on direct knowledge.

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.

February 28, 2007

_TPR. Robert E. Sanders_

Signed

GENL-3 REV 01/98E

STATE OF NEW YORK       COUNTY OF __WESTCHESTER__
LOCAL CRIMINAL _____ COURT     TOWN_____ OF   MAMARONECK

THE PEOPLE OF THE STATE OF NEW YORK     ) [   **INFORMATION**   ]

—VS—        Date of Birth
MARK A TORNELLO      03/25/58

100 OLD LAKE STREET   WEST HARRISON, NY 10604

Defendant(s) )

BE IT KNOWN THAT, by this [ **INFORMATION**    ], Trooper RE Sanders ,
as the Complainant herein, [stationed] [~~residing~~] at   SP New Rochelle ,
accuses __MARK A TORNELLO__
the above mentioned Defendant(s), with having committed the   [    **MISDEMEANOR**    ]
of __RESISTING ARREST__ , in violation of Section   205.30
Subdivision     0     of the __PENAL__ Law of the State of New York.

That on or about the   30th   day of   November     , 2006   , at about   4:15 pm   in the
TOWN_____ of    MAMARONECK_____ , County of   WESTCHESTER_____ , the
defendant did intentionally, knowingly and unlawfully commit the MISDEMEANOR of RESISTING ARREST .     A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person. TO WIT: on the aforementioned time, date and on Interstate 95 - Northbound, said defendant did operate a 1996 Ford, color Gray, bearing New York registration 26715JD. After being stopped by the deponent for a Commercial Vehicle Inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from the inspection. As a result of the defendants actions, the deponent attempted to place the defendant under arrest, at which time the defendant did become combative to avoid his arrest.

All contrary to the statute made and provided.

The above allegations of fact are made by the Complainant herein an official police investigation.

--OR--

WHEREAS, an Appearance Ticket was issued to the said Defendant, directing him to appear before this court at 6:30 pm on the 11th day of December, 2006.

In a written instrument, any person who knowingly makes a false statement which such   person does not believe to be true has committed a crime under the laws of the State of New York punishable as a Class A Misdemeanor. (PL 210.45)

Affirmed under penalty of perjury
this __4th__ day of __December_____ , __2006__

--OR--

Subscribed and Sworn to before me
this _____ day of _____ , _____

_____

COMPLAINANT : _____
                       Trooper RE Sanders

[ ] - STRIKE OUT/DELETE ANY WORDS THAT DO NOT APPLY

COPY

# EXHIBIT C

# LOVETT & GOULD, LLP
## ATTORNEYS AT LAW

JONATHAN LOVETT

JANE BILUS GOULD

222 BLOOMINGDALE ROAD

WHITE PLAINS, N.Y. 10605

———

914-428-8401
FAX 914-428-8916

KIM PATRICIA BERG+

DRITA NICAJ+

+also admitted in New Jersey

March 12, 2007

Hon. Janet DeFiore
District Attorney
111 Martin Luther King, Jr. Blvd.
White Plains, New York 10601

  Re: <u>Public Integrity Referral</u>

Dear Ms. DeFiore:

  I represent Mark A. Tornello, who is currently the subject of prosecution by your office in Justice Court, Town of Mamaroneck. Initially he was charged in two separate misdemeanor informations with Obstructing Governmental Administration and Resisting Arrest on November 30, 2006.

  In that connection on December 4, 2006, the arresting Trooper swore, by way of fact on the resisting charge, that "on the aforementioned time, date and on Interstate 95 – Northbound, said defendant did operate a 1996 Ford, color Gray, bearing New York registration 26715JD. After being stopped by the deponent for a Commercial Vehicle Inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from the inspection. As a result of the defendants actions, the deponent attempted to place the defendant under arrest, at which time the defendant did become combative to avoid his arrest."

  As to the Obstructing charge, the Trooper swore to the following facts: "After being stopped by the deponent for a Commercial Vehicle Inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from the inspection.

  Obviously the Obstructing charge was legally insufficient on its face. Walking and/or running away from a law enforcement officer is not a crime.

  Presumably for that reason, by superseding misdemeanor information dated February 28, 2007, the same Trooper swore as to the facts: "The defendant(s) at the

Hon. Janet DeFiore
March 12, 2007
Page -2-

above date, time and place, did during a vehicle and traffic stop, and while your deponent was investigating a second vehicle that stopped on the breakdown lane of I-95, exit his vehicle and shove your deponent as your deponent was walking towards the second vehicle. The defendant's actions caused your deponent to be harassed, annoyed, threatened and alarmed. Thereafter, the defendant began running back towards his vehicle. Your deponent instructed the defendant that he was under arrest and ordered him to stop. The defendant refused to stop running and then attempted to enter the driver's seat of his vehicle which was still running. Your deponent continued to tell him to stop, that he was under arrest and the defendant continued to pull himself into the vehicle as your deponent was attempting to pull him from the vehicle. The defendant struggled with your deponent in an effort to avoid being placed in handcuffs and under arrest. The defendant prevented your deponent from performing his lawful duties by shoving your deponent and by attempting to flee the scene".

For your review, all three misdemeanor informations are enclosed.

I cannot reconcile the facts as first sworn to within days of my client's arrest and then as sworn to on the eve of trial. Under the circumstances perhaps your Office may wish to make relevant inquiry as to the apparent inconsistencies.

Both my client and I would be glad to meet with you to discuss what actually occurred.

Sincerely,

Jonathan Lovett

JL:clp
Encls.

# EXHIBIT D



**OFFICE OF THE DISTRICT ATTORNEY**
**WESTCHESTER COUNTY**

WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601
(914) 995-2000

**JANET DiFIORE**
DISTRICT ATTORNEY

March 15, 2007

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605

Re:  People v. Mark A. Tornello - Mamaroneck Town Court
     Case No. 2007PICL-0089

Dear Mr. Lovett:

I am in receipt of your letter dated March 12, 2007, concerning the above-captioned pending criminal matter.  Please be advised that I have reviewed your letter and its enclosures and spoken with Assistant District Attorney Michael Ashraf, the prosecutor assigned to this case.

Based upon that review and my discussion of the matter with ADA Ashraf, I am confident the issues you raised in your letter can be properly addressed by ADA Ashraf and the Mamaroneck Town Court.  Accordingly, I am referring your complaint to our New Rochelle Branch Office for their handling.

Very truly yours,

JANET DiFIORE
DISTRICT ATTORNEY

Michael F. Hughes
Assistant District Attorney
Chief, Public Integrity Bureau