UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

MARK A. TORNELLO,

        Plaintiff,

  -against-

COUNTY OF WESTCHESTER,

        Defendants.

----------------------------------------------------------x

**MEMORANDUM OF LAW
IN SUPPORT OF COUNTY
DEFENDANT'S MOTION
TO DISMISS THE AMENDED
COMPLAINT**

07 civ. 6697 (CLB)

CHARLENE M. INDELICATO
Westchester County Attorney
Attorney for Westchester County
Defendants
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
(914) 995-5103

CHRISTIE L. MAGNO (CLM1415)
Assistant County Attorney

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................i,ii,iii

PRELIMINARY STATEMENT..............................................................1

STATEMENT OF FACTS....................................................................2

ARGUMENT...................................................................................5

POINT I
THE AMENDED COMPLAINT DOES NOT CONTAIN SUFFICIENT
ALLEGATIONS TO STATE A CLAIM .......................................................5

A.    Legal Standard on a Rule 12(b)(6) Motion................................5

B.    The Amended Complaint Contains Mere Conclusory Assertions That
Are Insufficient Under F.R.Civ.P. Rule 8................................7

POINT II
PLAINTIFF'S CLAIMS AGAINST THE COUNTY FAIL AS A MATTER
OF LAW..................................................................................11

A.    Defendant County is Not Liable For Prosecutorial
Decisions...............................................................11

B.    Prosecutors Are Absolutely Immune From Liability For
Any Acts Where They Are Performing Prosecutorial Function.......12

C.    Plaintiff Fails to Allege a Municipal Policy Practice or
Custom................................................................15

CONCLUSION................................................................................20

# TABLE OF AUTHORITIES

## CASES

Baez v. Hennessy
 853 F.2d 73, 77 (2d Cir. 1988), *cert denied*, 488 U.S. 1014,
 109 S.Ct. 805 (1989)……………………………………………..11,12,13

Bell Atlantic Corp. v. Twombly
 127 S.Ct. 1955, 167 L.Ed.2d 929 (May 21, 2007)…………………………8,9,10,11

Belot v. Wieshaupt
 1997 U.S. Dist. LEXIS 5772, *8 (S.D.N.Y. April 29, 1997)………………………17

Board of Commissioners of Bryan County, Oklahoma v. Brown
 520 U.S. 397, 117 S. Ct. 1382 (1997)…………………………………………16

Bruker v. City of New York
 92 F. Supp.2d 257, 264 (S.D.N.Y. 2000)……………………………………5,6

Buckley v. Fitzsimmons
 509 U.S. 259, 269, 125 L. Ed. 2d 209, 113 S. Ct. 2606 (1993)……………........13

Castellano v. City of New York
 946 F. Supp. 249, 252 (S.D.N.Y. 1996)………………………………………..6

City of Canton v. Harris
 489 U.S. 378, 388, 109 S. Ct. 1197 (1989)………………………………………16

Conley v. Gibson
 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) …………………………8

Cortec Industries, Inc. v. Sum Holding L.P.
 949 F.2d 42, 47-48 (2d Cir. 1991)……………………………………………6

Decarlo v. Fry
 141 F.3d 56, 61 (2d Cir. 1991) ……………………………………………18

Dory v. Ryan
 25 F.3d 81, 83 (2d Cir. 1994) ……………………………………………13,14

Festa v. Local 3, Int'l Board Of Elec. Workers
 905 F.2d 35, 37 (2d Cir. 1990), *cert denied*, 510 U.S. 864
 114 S.Ct. 183 (1993) ……………………………………………………6

i

Fleming v. United States
    146 F.3d 88, 90 (2d Cir. 1998)...................................................................6

Geisler v. Petrocelli
    616 F.2d 636, 639 (2d Cir. 1980)............................................................ 6

Greene v. Wright
    389 F. Supp. 2d 416, 428 (D. Conn. 2005) .............................................14

Harris v. City of New York
    186 F.3d 243, 247 (2d Cir. 1999)..............................................................5

Imbler v. Pachtman, District Attorney
    424 U.S. 409, 96 s. Ct. 984 (1976)....................................................13,14

Leather v. Ten Eyck
    2001 U.S. App. LEXIS 983 (S.D.N.Y. 2001).........................................17

Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit
    507 U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993)...................................... 5

Leeds v. Meitz
    85 F.3d 51, 53 (2d Cir. 1996) ...............................................................6,9

McLaurin v. New Rochelle Police Officers
    368 F. Supp. 2d 289 (S.D.N.Y. 2005)… .........................................10,17

Monell v. New York City Department of Social Services
    436 US 658, 98 S. Ct. 2018 (1978)....................................................15, 16

Moray v. City of Yonkers
    924 F. Supp. 8, 12 (S.D.N.Y. 1996)....................................................... 15

Neitzke v. Williams
    490 U.S. 319, 327, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989)................9

Papasan v. Allain
    478 U.S. 265, 286 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)................9

Pembaur v. City of Cincinnati
    475 U.S. 469, 483-84, 106 S. Ct. 1292 (1986) ....................................15

Phillips v. Morgan Stanley Dean Witter
    2002 U.S. Dist. LEXIS 17988, *7 - *8 (S.D.N.Y. 2002) .........................................6

Reid v. City of New York
    2001 U.S. Dist. LEXIS 13789 at *11-12 (S.D.N.Y. 2001) ...................................13

Ricciuti v. New York City Transit Authority
    941 F.2d 119, 122, 123 (2d Cir.1991) .............................................................11, 18

Rivera v. State of New York
    1999 U.S. Dist. LEXIS 129, *32 (S.D.N.Y. 1999).............................................15

Rothman v. Gregor
    220 F.3d 81, 88-89 (2d. Cir. 2000) ......................................................................6

Scheuer v. Rhodes
    416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)...................................9

Shapiro v. Town of Clarkstown
    238 A.D.2d 498, 656 N.Y.S.2d 682 (2d Dep't 1997) ...........................................13

Shmueli v. City of New York
    2007 U.S. Dist. Lexis 42012 (S.D.N.Y. 2007) ...........................................14, 17, 19
Sorlucco v. New York City Police Dep't
    971 F.2d 864, 870 (2d Cir, 1992)..........................................................................19

Swierkiewicz v. Sorema, N.A.
    534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ...............................7,8,9,11

Ying Jing Gan v. City of New York
    996 F. 2d, 522, 529 (2d Cir. 1993)......................................................................12

Zachary v. County of Onondaga
    1999 U.S. Dist. Lexis 83, *6-8 (N.D.N.Y. 1999) ...........................................17,18

Zanghi v. Incorporated Village of Old Brookville
    752 F.2d 42 (2d Cir. 1985)...................................................................................15

**STATUTES**

42 U.S.C. § 1983.........................................................................................................1
F.R. Civ. P. Rule 8.................................................................................................6,19
F.R.Civ. P. Rule 12(b)(6)....................................................................................1,5,19

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of defendant County of Westchester ("the County"), in support of its motion to dismiss the amended complaint  pursuant 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.Civ.P.") on the grounds that plaintiff fails to state a claim for malicious prosecution under 42 U.S.C. § 1983; (2) plaintiff fails to state a claim for municipal liability against the County; (3) plaintiff fails  to meet the pleading requirements under Rule 8; and (4) Plaintiff's failure to sufficiently state a claim against the County with respect to any purported state law claims.

In sum and substance, Plaintiff raises the following facts: (1) he was arrested; (2) there was an information and a superseding information that are different: (3) his attorney wrote a letter to the District Attorney asking that the case be reviewed; (4) his attorney received a letter back indicating the case was reviewed and could be handled by the assigned Assistant District Attorneys; and (5) he was acquitted.  In order to transform this scenario into a constitutional tort, Plaintiff develops a theory that the information and superseding information are inconsistent and are evidence of malice and conspiracy. However, these conclusions are utterly unsupported, even circumstanially.  Nowhere in the Amended complaint  does Plaintiff allege that the action of any single official with policy making authority in the County somehow deprived him of his constitutional rights. The only allegations raised in this Amended complaint  involved actions taken by the members of the District Attorney' Office as officers of the State, not the County, that fall under the umbrella of prosecutorial immunity and do not under any circumstance rise to the level of the implementation of an alleged unconstitutional County policy.  Further, to

the extent there was any action that is deemed as County action, which there is not,

Plaintiff has failed to show that there was more than one single instance to constitute an

unconstitutional custom, practice or policy. Plaintiff's far-reaching attempts to plead

alleged practices of the County are factually unsupported and cannot serve to transform

state action into County action for one mere purpose of attempting to invoke Section

1983 liability.

## STATEMENT OF FACTS

The following facts as alleged in the Amended complaint are assumed true only

for purposes of the instant motion. See First Amended Complaint (Exhibit "A") annexed

to the Declaration of Christie L. Magno affirmed December 28, 2007 (hereinafter referred

to as the "Magno Decl.").[1]

On November 20, 2006, at approximately 4:15pm Plaintiff was stopped on I-95

near the New Rochelle tolls by New York State Trooper Robert Earl Sanders (hereinafter

referred to as "Sanders") for a commercial vehicle safety inspection. After Sanders

requested that Plaintiff produce his registration and insurance card, Plaintiff exited his

truck and Sanders allegedly falsely exclaimed "You touched me! You never touch a

trooper!" Plaintiff alleges that he slowly returned to his vehicle and when he attempted

to get in the driver's seat, Sanders grabbed him from behind and directed him to lie on the

pavement. Plaintiff claims that Sanders struck an unidentified location causing his body

to hit the floor. Plaintiff was then handcuffed and transported to State Police Barracks.

See Exhibit "A", Amended Complaint, ¶ 1-8.

On December 4, 2006, Sanders prepared and filed two (2) misdemeanor

informations with the Justice Court, Town of Mamaroneck. See misdemeanor

informations dated December 4, 2006 and February 28, 2007 annexed hereto as Exhibit "B." The first information charged Plaintiff with Obstructing Governmental Administration in violation of New York State Penal Law §195.05 alleging that: "on I-95-Northbound, said defendant did operate a 1996 Ford, color gray, bearing New York registration 26715JD. After being stopped by the deponent for a commercial vehicle inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from the inspection." See Exhibit "A", Amended Complaint, ¶ 9.

The second information accused Plaintiff of Resisting Arrest in violation of Penal Law §205.30, stating: "After being stopped by the deponent for a Commercial Vehicle Inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from such inspection. As a result of the defendants [sic.] action, the deponent attempted to place the defendant under arrest, at which time the defendant did become combative to avoid his arrest." See Exhibit "A", Amended Complaint, ¶ 9.

On or about February 28, 2007, after meeting with its witness, Sanders, the District Attorney's Office issued a superseding information for the Obstructing charge stating: "The defendant…at the above date, time and place, did during a vehicle and traffic stop, and while your deponent was investigating a second vehicle that stopped on the breakdown lane of I-95, exit his vehicle and shove your deponent as your deponent was walking towards the second vehicle. The defendant's actions caused your deponent to be harassed, annoyed, threatened and alarmed. Thereafter, the defendant began running back towards his vehicle. Your deponent instructed the defendant that he was under arrest and ordered him to stop. The defendant refused to stop running and then attempted to enter the driver's seat [sic.] of his vehicle which [sic.] was still running.

---

[1] The exhibits referenced herein are annexed to the Magno Decl.

Your deponent continued to tell him to stop, that he was under arrest and the defendant continued to pull himself into the vehicle as your deponent was attempting to pull him from the vehicle. The defendant struggled with your deponent in an effort to avoid being placed in handcuffs and under arrest. The defendant prevented your deponent from performing his lawful duties by shoving your deponent and attempting to flee the scene." See Exhibit "A", Amended Complaint, ¶ 10, 12.

On March 12, 2007, Plaintiff's counsel wrote to Janet DiFiore, Westchester County District Attorney (hereinafter the "DA"), requesting an investigation. See Exhibit "A", Complaint, ¶ 13; see also letter dated March 12, 2007 to the DA attached hereto as Exhibit "C". On March 15, 2007, Michael F. Hughes, Assistant District Attorney and Chief of the District Attorney's of the Public Integrity Bureau (hereinafter "ADA Hughes"), responded in writing that he had reviewed the documents submitted and otherwise looked into Plaintiff's attorney's allegations and was "confident with the issues...raised in your letter can be properly addressed by ADA Ashraf and the Mamaroneck Town Court". See Letter dated March 15, 2007 from ADA Hughes annexed hereto as Exhibit "D". After the letter was forwarded, Plaintiff claims that nothing was done with his letter. See Exhibit "A", Amended Complaint, ¶ 14.

On April 23, 2007, a bench trial was held. See Exhibit "A", Amended Complaint, ¶ 15. On May 16, 2007, Justice Brescia found Plaintiff not guilty on all counts. See Exhibit "A", Amended Complaint ¶ 16.

Based on the foregoing allegations, plaintiff instituted the instant lawsuit against the County alleging, *inter alia*, that solely in the instant matter, the DA's Office deliberately prosecuted and continued a prosecution knowing probable cause was

4

lacking, and after having agreed with Sanders to falsify facts in the superseding information. Plaintiff further claims that the District Attorney and ADA Hughes endorsed the intended subornation of perjury by Assistant District Attorneys Michael J. Borrelli, Jr. and Michael Jeffrey Ashraf (hereinafter "ADA Borrelli and ADA Ashraf").

Plaintiff, in his amended complaint , alleges broad sweeping allegations about alleged practices and/or policies of the District Attorney's office as an attempt to invoke County action where there clerly is none. Plaintiff's factually unsupported recitation of alleged examples of alleged practices of the District Attorney's Office are so far removed from the facts in the instant case and do not reveal any County action whatsoever. The unsupported theories alleged at paragraph 4(a-g) of the amended complaint fail to support the existence of an official County policy or practice.

For the reasons set forth below, the amended complaint  should be dismissed as against the County pursuant to F.R.Civ.P. Rule 12(b)(6).

## ARGUMENT

### POINT I
### The Amended Complaint Does Not Contain Sufficient Allegations To State a Claim

#### A.     Legal Standard on a Rule 12(b)(6) Motion

The legal issue on a Rule 12(b)(6) motion for dismissal of a amended complaint for failure to state a claim is whether Plaintiff can prove any set of facts in support of his claim that would entitle him to relief. Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).  In deciding a motion to dismiss, the factual allegations in the amended complaint  are deemed to be true. Bruker v. City of New York, 92 F. Supp.2d 257, 264 (S.D.N.Y. 2000), citing Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993).  The motion is to be

granted if the Plaintiff can prove no set of facts that would entitle him to relief. <u>Bruker</u>, 92 F. Supp. 2d at 265. The Second Circuit has stated that a District Court's role in considering a motion to dismiss is to assess the legal feasibility of the amended complaint , not to weigh the evidence that may be presented at trial. <u>See Festa v. Local 3, Int'l Board Of Elec. Workers</u>, 905 F.2d 35, 37 (2d Cir. 1990), *cert denied*, 510 U.S. 864, 114 S.Ct. 183 (1993); <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980); <u>Castellano v. City of New York</u>, 946 F. Supp. 249, 252 (S.D.N.Y. 1996). Although the pleading standard is liberal, "bald assertions and conclusions of law will not suffice" <u>Leeds v. Meitz</u>, 85 F.3d 51, 53 (2d Cir. 1996), and a district court should look at pro se submissions "with a lenient eye, allowing borderline cases to proceed." <u>Fleming v. United States</u>, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam) (internal quotation marks omitted).

Moreover, a complaint is deemed to include any "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." <u>Rothman v. Gregor</u>, 220 F.3d 81, 88-89 (2d Cir. 2000), *citing,* <u>Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48</u> (2d Cir. 1991); <u>see also</u> <u>Phillips v. Morgan Stanley Dean Witter</u>, 2002 U.S. Dist. LEXIS 17988, *7 - *8 (S.D.N.Y. 2002). Even when a plaintiff elects not to attach documents integral to the complaint, a defendant may rely on these documents when attacking the complaint in a motion to dismiss. <u>See Cortec Industries, Inc.</u>, *supra* at 47 (The court considered documents that plaintiff relied upon but did not attach to his complaint as he had sufficient notice of the information contained therein).

**B.**    **The Amended Complaint Contains Mere Conclusory Assertions That Are Insufficient Under F.R.Civ.P. Rule 8**

While this Court must accept all the allegations as true, Plaintiff must also meet the requirements of F.R.Civ.P. Rule 8. Plaintiff has failed to allege any facts whatsoever that would constitute a constitutional violation for purposes of Section 1983.

In 2002, the Supreme Court in Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), announced the pleading standards under F.R.Civ.P 8. In Swierkiewicz v. Sorema, the Court held that the Second Circuit's use of a heightened pleading standard for Title VII employment discrimination lawsuits was contrary to the Federal Rules pleading requirement. In Swierkiewicz, the Court of Appeals dismissed plaintiff's claim after he detailed the events leading to his termination, provided relevant dates and included ages and nationalities of some of the people involved with his termination. The Court of Appeals dismissed the complaint for failing to allege additional facts that plaintiff would need at trial to support a claim in the absence of direct evidence of discrimination. The Supreme Court reversed and held that the Court of Appeals inappropriately applied a heightened pleading standard since a complaint does not need to contain specific facts establishing discrimination under McDonnell Douglas, as it is an evidentiary framework not a pleading requirement. Id. at 508, 122 S.Ct. 992, 152 L.Ed.2d 1. In Swierkiewicz, the Supreme Court held that FRCP 8(a) requires that the complaint give the defendant fair notice of what the claim is and the grounds upon which it rests. The Swierkiewicz plaintiff satisfied Rule 8 as he detailed the events leading to his termination, provided relevant dates and included ages and nationalities of some of the people involved with his termination.

Subsequent to Swierkiewicz, the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (May 21, 2007), clarified the Swierkiewicz standard indicating that in order to survive a motion to dismiss for failure to state a claim, Plaintiffs must allege enough facts to state a claim for relief that is plausible on its face. Id. at 1974.  In Bell, the Court addressed the proper standard for pleading an antitrust conspiracy claim through allegations of parallel conduct under Section 1 of the Sherman Act.  The complaint in Bell alleged that the Incumbent Local Exchange Carriers (ILECs) conspired to restrain trade in two ways.  The complaint alleged that the ILECs engaged in "parallel conduct" to inhibit growth of competitive local exchange carriers (CLECs) including making unfair agreements.  The complaint further alleged that ILECs agreed to refrain from competing with one another.  Bell at *14-16.  The District Court dismissed the complaint for failure to state a claim for which relief can be granted since plaintiffs failed to allege additional facts and conclusory assertions of parallel conduct alone was not enough.  The Court of Appeals for the Second Circuit relying on Swierkiewicz reversed and held that "plus factors are not required to be pleaded to permit an antitrust claim based on parallel conduct to survive dismissal." 425 F3d 99, 114 (2005).

The Supreme Court in Bell reversed the Court of Appeals while acknowledging the rule as articulated in Swierkiewicz held that a heightened fact pleading of specific allegations is not required to survive a 12(b)(6) motion to dismiss and a plaintiff must plead enough facts to state a claim for relief that is plausible on its face.  In Bell, the Court held that Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," See Id. at *21, citing, Conley v.

8

Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  The Court stated that a

complaint requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do, *see* Bell, *citing,*  Papasan v. Allain, 478 U.S.

265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are

not bound to accept as true a legal conclusion couched as a factual allegation").   Indeed,

> "[F]actual allegations must be enough to raise a right to relief above the
> speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §
> 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("The pleading
> must contain something more . . . than . . . a statement of facts that merely creates
> a suspicion [of] a legally cognizable right of action"), n3 on the assumption that
> all the allegations in the complaint are true (even if doubtful in fact), see, e.g.,
> Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 n.1, 122 S.Ct. 992, 152 L.Ed.2d
> 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d
> 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a
> judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416
> U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint
> may proceed even if it appears "that a recovery is very remote and unlikely")".

Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement

to relief.  Bell at *23; Leeds v. Meitz, 85 F.3d 51, 53 (2d Cir. 1996)(Bald assertions and

conclusions of law will not suffice).  Factual allegations in the complaint must be alleged

in order to satisfy the requirement of providing not only "fair notice" of the nature of the

claim, but also "grounds" on which the claim rests. *See* Id. *citing*, 5 Wright & Miller §

1202, at 94, 95 (Rule 8(a) "contemplates the statement of circumstances, occurrences,

and events in support of the claim presented" and does not authorize a pleader's "bare

averment that he wants relief and is entitled to it").

In applying these standards to Bell's Section 1 claim, the Court stated that

"such a claim requires a complaint with enough factual matter (taken as true) to suggest

that an agreement was made. Asking for plausible grounds to infer an agreement does not

impose a probability requirement at the pleading stage; it simply calls for enough fact to

raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Bell at *24.

In applying these standards to the instant case, like the complaint in Bell, the amended complaint here merely contains conclusory allegations with absolutely not enough facts asserted to make the conclusions plausible. Bell at 47.   The only actual facts pled are the following: (1) Plaintiff was arrested; (2) there was an information and a superseding information that are different: (3) Plaintiff's attorney wrote a letter to the DA asking that the case be reviewed; (4) Plaintiff's attorney received a letter back indicating the case was reviewed and could be handled by the assigned ADAs; and (5) Plaintiff was acquitted.

To craft his amended complaint , Plaintiff relies entirely on his unsupported theory of inconsistency and then makes only conclusory allegations of malice and conspiracy with no supporting facts whatsoever.  In fact, the criminal information and superseding information are actually not inconsistent.  See Exhibit "B".  Rather, one is simply more detailed than the other, likely because the first lacked sufficient factual account.  On its face, there is no basis to conclude that the superseding information was false or that the parties entered into some agreement to create a false basis for arrest and prosecution; yet Plaintiff's entire theory rests upon this unsupported assumption. Plaintiff never alleges what any individual said, what actions they took, or any other facts which one could even infer a conspiracy.  His blanket conspiracy theory allegations cannot withstand dismissal.  See McLaurin v. New Rochelle Police Officers, et al 368 F. Supp. 2d 289 (S.D.N.Y. 2005)(malicious prosecution and conspiracy claims dismissed against Westchester County).

Finally, Plaintiff's bare assertions without any facts tending to show that his case was prosecuted with malice, does not move the claim from possible to plausible and certainly not to the level of a Section 1983 violation.

Consequently, the amended complaint fails to put the County on notice of the basis for Plaintiff's claims and the grounds upon which those claims rest consistent with the holdings in both Swierkiewicz and Bell, and thus does not satisfy F.R.Civ.P. Rule 8(a) and must be dismissed.

## POINT II
### PLAINTIFF'S CLAIMS AGAINST THE COUNTY FAIL AS A MATTER OF LAW

In an attempt to circumvent the Eleventh Amendment immunity enjoyed by the District Attorney's Office, as an arm of the State, and the absolute immunity enjoyed by prosecutors in connection with prosecutorial acts, Plaintiff crafts his amended complaint as one against the County of Westchester.  However, County liability for acts of a District Attorney and her office is significantly limited.  In the absence of allegations of any facts tending to show that the District Attorney was a County actor administering her office pursuant to a policy or practice by which Plaintiff's constitutional rights were violated, there can be no claim.  As discussed below, Plaintiff's claims fail as a matter of law.

### A.  Defendant County is Not Liable For Prosecutorial Decisions

It is well established in New York that the District Attorney, and the District Attorney alone, should decide when and in what manner to prosecute a suspected offender.  See Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988), cert denied, 488 U.S. 1014, 109 S.Ct. 805 (1989).  When prosecuting an individual, a District Attorney acts on behalf of New York State not the County.  See Ricciuti v. New York City Transit

Authority, 941 F.2d 119, 122, 123 (2d Cir.1991). Also, the County has no right to establish a policy concerning how a district attorney should prosecute violations of State penal laws. See Beaz, supra, at 77(A district attorney's misconduct in prosecuting an individual could not give rise to municipal liability.) In fact, it would be an ethical violation of a District Attorney as counsel for the State to be influenced by so-called policies of a County. See Id.

Thus, since members of the District Attorney's office in their official capacities are acting as attorneys for the State, "such a suit is deemed to be a suit against the state, and the official is entitled to invoke the immunity belonging to the state." Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993). The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI. When deciding on whether or not to prosecute a matter, or how to conduct the prosecution, the Westchester District Attorney is a "quasi-judicial Officer acting for the state in criminal matters" and not an Officer of the County. Ying Jing Gan v. The City of New York, 996 F.2d 522, 535-536 (2d Cir. 1993). Thus, as State actors, the District Attorney and Assistant District Attorneys, in their official capacities, are entitled to invoke Eleventh Amendment immunity thus barring a malicious prosecution claim against the office, the District Attorney and the Assistant District Attorneys. Plaintiff cannot circumvent this legal reality by trying to bring a lawsuit against the County in connection with the DA's Office's conduct concerning a single criminal prosecution. Therefore, as here, where controlling law places limits on the

County's authority over the district attorney, the County cannot be responsible for the alleged conduct at issue in this case. Baez, supra.

### B. Prosecutors Are Absolutely Immune From Liability For Any Acts Where They Are Performing A Prosecutorial Function

In addition to the Eleventh Amendment immunity for the District Attorney's Office and prosecutors in their official capacities, the concept of absolute immunity shields prosecutors from personal liability so that they can perform their duties without outside influence such as a fear of liability.  Specifically, prosecutors enjoy absolute immunity for acts performed during the "initiation and pursuit of criminal prosecution, including presentation of the state's case at trial." Buckley v. Fitzsimmons, 509 U.S. 259, 269, 125 L. Ed. 2d 209, 113 S. Ct. 2606 (1993). This absolute immunity applies to any acts "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976), and covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994).  In connection with all decisions regarding whether and how to prosecute, district attorneys are protected by absolute immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 113 S. Ct. 2606 (1993); see also Imbler v. Pachtman, District Attorney, 424 U.S. 409, 96 S. Ct. 984 (1976); Shapiro v. Town of Clarkstown, 238 A.D.2d 498, 656 N.Y.S.2d 682 (2d Dep't 1997).

In determining whether absolute immunity applies, the analysis focuses on the function performed – not the way in which the function is performed. Reid v. City of New York, 2001 U.S. Dist. LEXIS 13789 at *11-12 (S.D.N.Y. 2001) (citation omitted). Even if prosecutors behave with malice or otherwise improperly, they are entitled to immunity as long as they are performing a prosecutorial function. See id. at *10-11 ; see

also <u>Dory v. Ryan</u>, 25 F.3d 81, 83 (2d Cir. 1994) (absolute immunity for conspiring to present false evidence at trial). "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." <u>Imbler</u>, *supra*, at 427-428.

In the instant case, plaintiff alleges that the ADAs conspired with Sanders to file a false superseding misdemeanor information and conspired with Sanders to testify falsely at trial. These exact acts, however, have been held by the Second Circuit to be protected by absolute immunity as within the function and jurisdiction of the prosecutor. <u>Shmueli v. City of New York,</u> 2007 U.S. Dist. Lexis 42012 (S.D.N.Y. 2007); <u>Dory v. Ryan</u>, 25 F.3d 81, 83 (2d Cir. 1994). The decision of which charges to bring against a defendant, whether to charge a defendant at all or to issue a superseding information against a defendant are quintessentially prosecutorial functions. <u>Greene v. Wright</u>, 389 F. Supp. 2d 416, 428 (D. Conn. 2005). In this case, subsequent to the issuance of an information and in connection with the criminal prosecution, the ADAs handling the prosecution issued a superseding information in the normal course of business as part of their prosecutorial duties. Although not relevant to the functional analysis, the superseding information contains more detail and there are no facts to support the theory that the superseding information was issued as part of a conspiracy to insulate Sanders from a false arrest suit. Even if there were, the ADAs would be protected by immunity. As the Second Circuit explained, the shield of prosecutorial immunity is not affected by allegations that improperly motivated prosecutions were commenced or continued pursuant to a conspiracy. <u>Shmueli v. City of New York</u>, 2007 US Dist Lexis 42012 (2d Cir. 2005)

(upholding absolute immunity for ADA defendants accused of prosecuting plaintiff on charges known to be false and dismissing claim against municipality).  Consequently, the allegations of conspiracy in an effort to suppport a malicious prosecution claim against the County fail as a matter of law.

C.    **Plaintiff Fails To Allege A Municipal Policy Practice or Custom**

It is well settled that in order to state a Section 1983 claim against a municipality, a plaintiff must plead and prove that an employee was acting pursuant to an officially adopted municipal policy or custom, here, a policy of the County.  Monell v. New York City Department of Social Services, 436 US 658, 98 S. Ct. 2018 (1978); Zanghi v. Incorporated Village of Old Brookville, 752 F.2d 42 (2d Cir. 1985).  In considering Plaintiff's claim, therefore the above analysis regarding available immunities must be applied and the amended complaint  must be examined with an eye towards conduct that cannot fairly be characterized as involving a prosecutorial function.    To that end, Plaintiff has failed to show an unconstitutional policy on the part of Westchester County, which was established during the time he was prosecuted by the DA's office.  The touchstone of Plaintiff's argument relies solely on the actions of the DA's Office that cannot form the basis of County liability.

As set forth in Rivera v. State of New York, 1999 U.S. Dist. LEXIS 129, *32 (S.D.N.Y. 1999), a policy, custom or practice of a municipality may be demonstrated in one of four ways.  See also Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996).  Plaintiff may allege:  (1) the existence of a formal policy (see Monell, *supra* at 690); (2) actions taken by officials responsible for establishing policies in that area (see Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 106 S. Ct. 1292 (1986)); (3) a

widespread consistent practice which constitutes a "custom" sufficient to impute knowledge to policymaking officials (see Monell, supra at 690-91); or (4) a failure by policymakers to train or supervise subordinates that amounts to a "deliberate indifference to the rights of others" (see City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197 (1989)).

In Board of Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 117 S. Ct. 1382 (1997), rehearing denied, 52 U.S. 1283, 117 S.Ct. 2472 (1997), the United States Supreme Court revisited Monell and the basis for finding municipal liability under § 1983. The Court stated that identifying a "policy" ensures that a municipality is held liable for only those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Id. at 405, citing Monell, supra, 436 U.S. at 694.

Plaintiff's case fails for various reasons. First, and as noted above, when prosecutors make decisions regarding a prosecution, including whether to initiate or continue, these are quintessentially prosecutorial acts and thus acts of the State, not of the County. In the instant matter, the allegations amount to nothing more than a claim that the District Attorney's Office wrongfully initiated a prosecution and then neglected to discontinue it after Plaintiff's attorney made allegations regarding inconsistencies between the information and superseding information. The DA forwarded Plaintiff's concerns to ADA Hughes. The DA had no personal involvement whatsoever and only forwarded a letter to her Public Integrity Bureau regarding a pending prosecution. ADA Hughes forwarded the matter to the ADAs prosecuting the pending criminal case. The case proceeded. Because the initiation and pursuit of a criminal prosecution are

16

quintessential prosecutorial functions, the ADAs enjoy absolute immunity for the initiation and conduct of a prosecution unless they proceeded in the clear absence of all jurisdiction. Shmueli, supra. Thus, the assessment of the legal sufficiency of the prosecution's case and decisions concerning it cannot be said to be County actions. See generally McLaurin, supra.

Next, to the extent any of these acts are deemed County acts, which they should not be, a single incident does not create an actionable policy or custom, especially in this case. Generally, if the decision maker with the highest authority to make policy in a particular area violates an individual's constitutional rights, that will, in certain circumstances, be sufficient to attribute liability to the municipality. Zachary v. County of Onondaga, 1999 U.S. Dist. Lexis 83, *6-8 (N.D.N.Y. 1999). So, for example, when managerial actions are taken by a Sheriff, allegedly in retaliation for the exercise of constitutional rights, that action can be attributed to the municipality since he has the final decision-making authority with respect to directing the criminal investigations. Leather v. Ten Eyck, 2001 U.S. App. LEXIS 983 (S.D.N.Y. 2001)[2]. Here however, a single prosecution was handled in one fashion by ADAs who are not final policy makers. The ADAs that directly handled the criminal prosecution and who were involved with the determinations concerning the prosecution were all ADAs, Hughes, Ashraf and Borelli. Belot v. Wieshaupt, 1997 U.S. Dist. LEXIS 5772, *8 (S.D.N.Y. April 29, 1997). (assistant district attorneys are below the policymaking level.) There was no act that

---

[2] Leather is distinguishable to the instant case as the Leather defendants were all Sheriffs acting on behalf of the County not the State. Unlike the Sheriffs acting on behalf of the County, the subordinate Assistant District Attorneys in carrying out their prosecutorial duties were acting always as an arm of the State and not on behalf of the County. In the instant case, the subordinate assistant district attorneys, as State actors, only performed prosecutorial functions, well within their jurisdiction, which fell under the realm of immunity.

could be deemed a County action taken by the DA and indeed, unlike in other single decsion cases where the policy make is acting for the municipal defendant, the DA acts for the State in connection with prosecutorial decisions. Although Plaintiff's attorney attempted to get the DA herself involved, she referred his letter to ADA Hughes, who looked into the matter and referred it to the other ADAs. The DA's act of referring the matter in a pending prosecution cannot form the basis for County liability.

Plaintiff attempts to invoke County action by reciting alleged practices none of which tend to support (not even circumstantially) an inference of any official polciy of the Distrcit Attorney's Office whereby the constitutional rights of persons were violated to cover up wrongdoing by law enforcement. The theories that Plaintiff relies on do not make his alleged claim plausible and do not rise to the level of a civil rights violation. Plaintiff fails to assert any facts whatsoever that the County has a practice of ignoring and/or covering up criminal wrong doing by law enforcement. The mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference. See Ricciuti v. New York City Transit Authority, 941 F.2d 119, 122, 123 (2d Cir.1991); see also Zachary, *supra* at *10, *citing* Decarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1991). A single incident alleged in a compliant does not suffice to show even an inference of municipal policy. Ricciuti, *supra*.

The single act of the DA forwarding a letter in connection with a pending prosecution to an ADA cannot trigger County liability as it does not involve any management, or mismanagement for that matter, of the DA's office. See Zachary, *supra*. Plaintiff fails to allege sufficient facts to suggest any administrative (as opposed to

prosecutorial) policy that would expose the County to liability pursuant to Section 1983. Moreover, Plaintiff's blanket statements about the continuation of the prosecution with an eye toward insulating Sanders from civil liability similarly fails since, other than a blanket statement, there are no facts alleged showing any policy or practice or custom in that regard. See Id.

So too, Plaintiff has not alleged that a discriminatory practice of any County official was "persistent or widespread" as to constitute "a custom or usage with the force of law," Schmueli citing, Sorlucco v. New York City Police Dep't, 971 F.2d 864, 870 (2d Cir, 1992), or that any discriminatory practice of subordinate employees was "so manifest as to imply the constructive acquiescence of senior policy-making officials." Id. at 871. Moreover, Plaintiff has certainly not alleged any facts to even infer a policy, custom, or practice based on the County's failure to train its employees that amounted to any alleged constitutional deprivation. See Schmueli.

Nowhere in the amended complaint does Plaintiff allege that the action of any single official with policy making authority in the County somehow deprived him of his constitutional rights. The only allegations raised in this Amended complaint fall under the umbrella of prosecutorial immunity and do not under any circumstance rise to the level of the implementation of an alleged unconstitutional County policy. Further, to the extent there was any action that is deemed as County action, which there is not, Plaintiff has failed to show that there was more than one single instance to constitute an unconstitutional custom, practice or policy.

## CONCLUSION

Based on the foregoing, the County respectfully requests that the instant motion be granted in its entirety, that the Amended complaint be dismissed with prejudice pursuant to F.R.Civ.P. Rules 12(b)(6) and 8, and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
   December 28, 2007

       CHARLENE M. INDELICATO
       Westchester County Attorney
       Attorney for County Respondent

       By: _Christie Magno_
       Christie Magno (CLM 1415)
       Assistant County Attorney
        of Counsel
       148 Martine Avenue
       600 Michaelian Office Building
       White Plains, New York 10601
       (914) 995-5103