UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MARK A. TORNELLO,

                Plaintiff,

           -against-

COUNTY OF WESTCHESTER,

                Defendant.
------------------------------------------------------------x

**REPLY DECLARATION IN RESPONSE TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

07 civ. 6697 (CLB)

       CHRISTIE L. MAGNO, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, hereby declares pursuant to 28 U.S.C. §1746:

       1.      I am an Assistant County Attorney in the office of Charlene M. Indelicato, Westchester County Attorney, attorney for defendant County of Westchester. I make this Reply Declaration in response to Plaintiff's memo of law in opposition to County's (12)(b)(6) motion to dismiss the first amended complaint ("Reply Aff.") and in further support of County Defendants' motion to dismiss the first Amended Complaint in its entirety with prejudice pursuant to Rule 12(b), subdivision (6) of the Federal Rules of Civil Procedure for: (1) failure to state a claim upon which relief can be granted for malicious prosecution under 42 U.S.C. § 1983; (2) failure to state a claim for municipal liability against the County; (3) failure to meet the pleading requirements under F.R.Civ. P. 8; and (4) with respect to any alleged state law claims, Plaintiff's failure to sufficiently state a cause of action against the County.

2. The opposition to the instant motion is an attempt to shift the focus from the facts to an unsupported conspiracy theory raised in a conclusory fashion without any factual connection to the instant case. The only facts raised by Plaintiff are as follows: (1) he was arrested; (2) there was an information and a superseding information that are different: (3) his attorney wrote a letter to the District Attorney asking that the case be reviewed; (4) his attorney received a letter back indicating the case was reviewed and could be handled by the assigned Assistant District Attorneys; and (5) he was acquitted. In order to transform this scenario into a constitutional tort, Plaintiff develops a theory that the information and superseding information are inconsistent and are evidence of malice and conspiracy supported only by unproven conclusory contentions without factual basis. These conclusions are utterly unsupported, even circumstantially.

3. Plaintiff recites alleged examples of policies of the District Attorney's office however, those alleged examples fall short of pleading a claim for malicious prosecution in the instant matter and are merely unsupported suppositions where prior findings of constitutional violations have not been pled.

4. It is undisputed that the facts of this case were not ignored or covered up. By letter dated March 15, 2007 from Michael F. Hughes, Assistant District Attorney and Chief of the District Attorney's of the Public Integrity Bureau, Plaintiff was advised of the DA's offices action in connection with his letter. That the office maintained a criminal prosecution despite Plaintiff's self serving contentions, is quintessentially a prosecutorial act. The fact of the matter is that this was a criminal trial handled one way by assistant district attorneys who are not final policy-makers and who would otherwise be absolutely immune for the conduct alleged in the First Amended Complaint.

5. Plaintiff's mere assertions that the District Attorney's office has a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference. Furthermore, the single act of the DA forwarding a letter regarding a pending prosecution to an ADA cannot be the basis for County liability as it does not involve any management, or mismanagement for that matter, of the DA's office.

6. In order to determine County liability in this case, the question, therefore, is whether plaintiff's claims arise out of the district attorney's management of the district attorney's office. Similar to the case law cited in the Reply memorandum of Law annexed hereto and incorporated herein, the allegations in the First Amended Complaint are not challenging the management of the district attorney's office but rather the district attorney's offices decision to prosecute Plaintiff which the County cannot be held liable for such action. Id. at 19.

7. The acts alleged by Plaintiff of the DA and the ADAs in this case are inextricably related to the decision regarding the prosecution of Plaintiff's criminal matter. Therefore since Plaintiff has failed to allege sufficient facts to establish any administrative (as opposed to prosecutorial) policy that would expose the County to liability the first amended complaint must be dismissed.

8. Plaintiff attempts in the instant matter to remove the case from the realm of immunity and prosecutorial acts by claiming that the DA makes decisions regarding prosecutions in Harrison because of political motives. These allegations, while woefully insufficient, still involve the prosecutorial function. Moreover, the facts as alleged do not reveal a pattern or practice of violating constitutional rights. Indeed, the totality of the

3

allegations reveal that Plaintiff alleges that the DA has ignored prior criminal activity which is factually unlike the instant matter and amounts to nothing more that a claim that the DA as an elected official and as a prosecutor in her prosecutorial function, is swayed by politics which, aside from being speculative and unsupported, is not sufficient to create a Section 1983 action against the County.

        I declare, under penalty of perjury, that the foregoing is true and correct.

                                          Executed on
                                          January 18, 2008

                                          _____
                                          Christie L. Magno (CLM 1415)

Lovett (ECF)