UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARK A. TORNELLO,

                 Plaintiff,                 07 civ. 6697 (CLB)

     -against-

COUNTY OF WESTCHESTER,

                 Defendant.

------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS

**CHARLENE M. INDELICATO**
Westchester County Attorney
Attorney for Westchester County Defendant
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
(914) 995-5103

**CHRISTIE LYNNE MAGNO** (CLM1415)
Assistant County Attorney
  of Counsel

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………..…………..i

PRELIMINARY STATEMENT…………………………………………………....2

ARGUMENT…………………………………………………………………………..3

       POINT I

       THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST
       THE COUNTY OF WESTCHESTER………………………………………….3

## **TABLE OF AUTHORITIES**

**CASES**

Baez v. Hennessy
        853 F.2d 73 (2d Cir. 1988)……………………………………………...…4,6

Covington v. City of New York
        916 F. Supp. 282, 289 (S.D.N.Y. 1996)…………………………………………..5

Decarlo v. Fry
        141 F.3d 56, 61 (2d Cir. 1991)……………………………………………………3

East Coast Novelty Co., Inc. v. City of New York
        809 F. Supp. 285, 299-300 (S.D.N.Y. 1992)…………………………………..5

Eisenberg v. DA
        1996 U.S. Dist. LEXIS 22469 (E.D.N.Y. 1996)………………………………4,5

Feerick v. Sudolnik
        816 F. Supp. 879, 887(S.D.N.Y.), aff'd, 2 F.3d 403 (1993)………………………5

McLaurin v. New Rochelle Police Officers
        368 F. Supp.2d 289, 295 (S.D.N.Y. 2005)………………………………………..4

Miller v. County of Nassau
        467 F. Supp. 2d 308, 315 (S.D. N.Y. 2006)…………………………………4, 5, 6

Myers v. County of Orange
        157 F.3d 66, 76 (2d Cir. 1998)……………………………………………………4

Pinaud v. County of Suffolk
        52 F.3d 1139 (2d Cir. 1995)………………………………………………………5

Ricciuti v. New York City Transit Authority
        941 F.2d 119, 122, 123 (2d Cir.1991)…………………………………………3

Ryan v. City of Watertown
        No. 98 cv 0616, 1998 U.S. Dist. LEXIS 15967, at *15 (N.D.N.Y. 1998)…….4, 6

Zachary v. County of Onondaga
        1999 US Dist. LEXIS 83 at 8-9 (N.D.N.Y. 1999)……………………………3, 5

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is made in response to Plaintiff's memo of law in opposition to County's (12)(b)(6) motion to dismiss the first amended complaint ("Reply Aff.") and in further support of County Defendants' motion to dismiss the first Amended Complaint in its entirety with prejudice pursuant to Rule 12(b), subdivision (6) of the Federal Rules of Civil Procedure for: (1) failure to state a claim upon which relief can be granted for malicious prosecution under 42 U.S.C. § 1983; (2) failure to state a claim for municipal liability against the County; (3) failure to meet the pleading requirements under F.R.Civ. P. 8; and (4) with respect to any alleged state law claims, Plaintiff's failure to sufficiently state a cause of action against the County. As demonstrated herein and in the County Defendants' moving papers, the First Amended Complaint should be dismissed in its entirety.

Plaintiff's opposition to the instant motion is an attempt to shift the focus from the facts to an unsupported conspiracy theory raised in a conclusory fashion without any factual connection to the instant case. The only facts raised by Plaintiff are as follows: (1) he was arrested; (2) there was an information and a superseding information that are different: (3) his attorney wrote a letter to the District Attorney asking that the case be reviewed; (4) his attorney received a letter back indicating the case was reviewed and could be handled by the assigned Assistant District Attorneys; and (5) he was acquitted. I In order to transform this scenario into a constitutional tort, Plaintiff develops a theory that the information and superseding information are inconsistent and are evidence of malice and conspiracy supported only by unproven conclusory contentions without factual basis. These conclusions are utterly unsupported, even circumstantially.

Plaintiff recites alleged examples of policies of the District Attorney's office however, those alleged examples fall short of pleading a claim for malicious prosecution in the instant matter and are merely unsupported suppositions where prior findings of constitutional violations have not been pled.

It is undisputed that the facts of this case were not ignored or covered up. By letter dated March 15, 2007 from Michael F. Hughes, Assistant District Attorney and Chief of the District Attorney's of the Public Integrity Bureau, Plaintiff was advised of the DA's offices action in connection with his letter. That the office maintained a criminal prosecution despite Plaintiff's self serving contentions, is quintessentially a prosecutorial act. The fact of the matter is that this was a criminal trial handled one way by assistant district attorneys who are not final policy-makers and who would otherwise be absolutely immune for the conduct alleged in the First Amended Complaint.

### ARGUMENT

### POINT I

### Plaintiff Has Failed To State A Claim Against the County of Westchester

Plaintiff's mere assertions that the District Attorney's office has a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference. See Ricciuti v. New York City Transit Authority, 941 F.2d 119, 122, 123 (2d Cir.1991); see also Zachary, *supra* at *10, *citing* Decarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1991). Furthermore, the single act of the DA forwarding a letter regarding a pending prosecution to an ADA cannot be the basis for County liability as it does not involve any management, or mismanagement for that matter, of the DA's office.

In order to determine County liability in this case, the question, therefore, is whether plaintiff's claims arise out of the district attorney's management of the district attorney's office. In Ryan, 1998 U.S. Dist. LEXIS 15967 and Miller v. County of Nassau, 467 F. Supp. 2d 308, 315 (S.D. N.Y. 2006), the plaintiffs alleged that the respective county was responsible for a policy of the district attorney's office. In Ryan, the policy at issue provided that prosecutions of matters without basis would be pursued to obtain a plea bargain and avoid liability. The Court in Ryan, distinguishing Myers v. County of Orange, 157 F.3d 66, 76 (2d Cir. 1998) noted that the policy at issue in Ryan was "inextricably related to the district attorney's decisions regarding whether to prosecute and what charges will be pursued." See Ryan at *15-16. The Court determined that at issue were the district attorney's decisions regarding the prosecution of cases. Id. The Court noted that the issues did not relate to management of the district attorney's office and therefore, could not be pursued against the County. Id. The Ryan Court further found that the county retained no supervisory authority over the district attorney's policies regarding the prosecution of crimes. Id. at 18-19 and see also McLaurin v. New Rochelle Police Officers, 368 F. Supp.2d 289, 295 (S.D.N.Y. 2005). (Westchester County has no right to establish policy regarding how a district attorney should prosecute violations of state criminal laws).

Furthermore, in Eisenberg v. DA, 1996 U.S. Dist. LEXIS 22469 (E.D.N.Y. 1996), the Court held that the County was not liable for the district attorney's policy "of prosecuting sex crimes merely upon the allegations of complainants, regardless of the apparent merits." Id. at *4. The Eisenberg Court stated:

"The holding in *Baez* is exquisitely applicable here. The challenge by this plaintiff is to the decision of the District Attorney to prosecute him, a decision for which the City

4

of New York cannot be held responsible under § 1983.   The prosecutorial acts of assistant district attorneys which are alleged in this regard are simply implementations of the prosecutorial decision allegedly made by *the* District Attorney to which claims of inadequate training bear no relationship at all. *Baez* requires this court to conclude that the claims against the City of New York based upon 42 U.S.C. § 1983must be dismissed. *See also Covington v. City of New York*, 916 F. Supp. 282, 289 (S.D.N.Y. 1996);*Feerick v. Sudolnik*, 816 F. Supp. 879, 887(S.D.N.Y.), *aff'd*, 2 F.3d 403 (1993);*East Coast Novelty Co., Inc. v. City of New York*, 809 F. Supp. 285, 299-300 (S.D.N.Y. 1992)." Id at 19-20.

Similar to the Eisenberg Court, the instant claim challenges the district attorney's

decision to prosecute Plaintiff and the County cannot be held liable for this action. Id. at

19.

Similarly in Zachary v. County of Onondaga, 1999 US Dist. LEXIS 83 at 8-9

(N.D.N.Y. 1999), the Court held that the County was not liable for a policy of the district

attorney's office that involved "instituting baseless criminal actions to help the City avoid

civil liability." The Court stated that the actions "relate to the district attorney's quasi-

judicial actions (i.e. deciding whether to prosecute Zachary) and not on management of

the district attorney's office." Id. at *9.  Like the actions in Zachary, the acts alleged by

Plaintiff of the DA and the ADAs in this case are inextricably related to the decision

regarding the prosecution of Plaintiff's criminal matter.  Therefore since Plaintiff has

failed to allege sufficient facts to establish any administrative (as opposed to

prosecutorial) policy that would expose the County to liability pursuant Miller v. County

of Nassau, 467 F. Supp. 2d 308, 313 (S.D.N.Y. 2006), the first amended complaint must

be dismissed.

As long as Plaintiff's claims center on whether or not, and on what charges to

prosecute, and not the administration of the office, the case is protected by immunity and

there can be no liability against the County.  See Plaintiff's memorandum at 9, citing

Pinaud v. County of Suffolk, 52 F.3d 1139 (2d Cir. 1995).  In fact, Pinaud is factually

disguisable from the facts in this case as the Court held that the alleged conspiracy between the DA's office and the county to keep the plaintiff imprisoned for three weeks after the dismissal of his trial was not protected by immunity. In this case, Plaintiff has failed to show an alleged conspiracy to violate his constitutional rights. Moreover, Plaintiff fails to provide any direct or even indirect evidence to indicate that the County took tangible steps either alone or through a conspiracy to violate his constitutional rights.

In fact, in the Second Circuit, a county may be liable pursuant to § 1983 for the actions of the district attorney in limited circumstances. Miller v. County of Nassau, 467 F. Supp. 2d 308, 315 (E.D.N.Y. 2006), citing, Ryan v. City of Watertown, No. 98 cv 0616, 1998 U.S. Dist. LEXIS 15967, at *15 (N.D.N.Y. 1998). The Second Circuit has discussed the role of the District Attorney and the circumstances in which a municipality may be held liable for the District Attorney's actions.

In Baez v. Hennessy, 853 F.2d 73 (2d Cir. 1988) an assistant district attorney misread a grand jury's voting sheet and erroneously filed an indictment with the Court. The Court determined that the State, rather than the county, plays "a prominent regulatory role in the law enforcement activities of district attorneys." Id. at 76. The Court determined that "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the state not the county." Id. at 77. The Court further found that the district attorney "should decide when and in what manner to prosecute a suspected offender." Id. In addition, the Court found that a district attorney should not be influenced by the county and that the "county has no right to establish a policy concerning how [the district attorney] should prosecute violations of

6

State penal laws." Id. In Baez, the Court generally determined that because of the limits on the county's authority over the district attorney, the county could not be held responsible for the district attorney's conduct. Id.

Plaintiff attempts to remove his claims from the realm of immunity and prosecutorial acts by claiming that the DA makes decisions regarding prosecutions in Harrison because of political motives. These allegations, while woefully insufficient, still involve only the prosecutorial function. Moreover, the facts as alleged do not reveal a pattern or practice of violating constitutional rights attributable to the County. Indeed, the totality of the allegations reveals that Plaintiff alleges the DA has ignored prior criminal activity in Harrison in connection with the prosecutions. None of the general instances cited by Plaintiff are factually like the instant matter, and the allegations, taken as a whole, are unrelated to the DA in her capacity as a County policymaker rather than a State prosecutor. Indeed, the allegations amount to nothing more that a claim that the DA as an elected official and as a prosecutor in her prosecutorial function, is swayed by political motives, aside from being speculative and unsupported, is not sufficient to create a Section 1983 action against the County.

Executed on
January 18, 2006

Christie L. Magno (CLM 1415)

7